**In re James Vernon LEWIS & Jo Evelyn Lewis, Debtors.**

**Bankruptcy No. 87–04820–C–12.**

United States Bankruptcy Court, W.D. Missouri.

Oct. 30, 1992.

See also 83 B.R. 682.

Rick Fink, Chapter 12 Trustee.

Gwendolyn Froeschner, Columbia, Mo., for debtors.

Jerry W. Venters, Jefferson City, Mo., for Tri County Trust Co.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

This is a Chapter 12 case which has gone well but raises an interpretative question toward its conclusion. The background is briefly outlined as follows. Debtors filed a Chapter 12 petition on November 9, 1987. They owned several farm properties one of which was commonly known as the "Milam Place". It was security for two notes held by the Tri County Trust Company substantiated by first and second deeds of trust and the debtors and the Chapter 12 Trustee never raised any question as to the propriety of the documentation or perfection.

When the debtors filed their original schedules in November of 1987, they listed the Milam Place at a value of $47,000.00. The balance due Tri County Trust Company on November 9, 1987 was $46,571.42 principal together with $746.28 accrued interest. This, of course, totaled $47,317.70 and, therefore, neither the Tri County Trust Company nor the debtors engaged in an evaluation hearing nor argued initially about value. However, on April 6, 1988, the debtors filed a Motion for Valuation. At that time debtors alleged that they had had appraisals made of the Milam Place along with two other tracts of real estate and that as a result of the appraisals the debtors' plan of reorganization would propose to write down the value of the Milam Place to a dollar and cent figure of $42,-660.00 rather than the original $47,000.00 valuation.

Once again the Tri County Trust Company did not contest the valuation and debtors' plan of reorganization under Chapter 12 was confirmed on April 22, 1988, providing for Tri County Trust Company to have a secured claim of $42,660.00 to be paid with interest at the rate of 10% per annum for twenty years. The first payment was to be made within thirty (30) days of confirmation and each payment thereafter was to be made on January 1st. The plan and the Order of Confirmation were silent as to when interest at the rate of 10% was to start. Debtor contends it started as of confirmation; Tri County contends for the date of the filing of the petition. The question that now has arisen and which has been presented to the Court is whether the interest of 10% per annum on $42,660.00 began to accrue on November 9, 1987, which was the date of the filing of the petition or whether the interest began to accrue on April 22, 1988, which was the date of confirmation of the plan.

The Court believes that debtors have the better of the argument. Although neither side has cited the Court to any case directly in point, the Court believes that certain factors can be reasoned out that substantiate the debtors' position. The Court starts with the United States Supreme Court case of *United Savings Assn. of Texas v. Timbers of Inwood Forest Assoc.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). In that case, the Supreme Court indicated that an undersecured creditor was not entitled to interest on their undersecured claim while the bankruptcy was pending. Instead the Supreme Court suggested that it was the duty of the Bankruptcy Court to speed proceedings and to monitor reorganization cases very closely, but also indicated that any burden falling on an undersecured creditor by virtue of not receiving interest while a case was pending was one of the unfortunate circumstances that attended the balance of equities in a bankruptcy case. From the day that the petition was filed in this Chapter 12, Tri County Trust Company was an undersecured creditor. Granted, they were just barely undersecured on November 9, 1987, but they were undersecured and they were entitled to no

interest until a value was fixed upon their real estate and some kind of order entered directing debtor to pay same or to provide adequate protection.

On April 6, 1988, when debtors filed their Motion for Valuation Hearing, it was even more evident that Tri County Trust Company was an undersecured creditor, this time by approximately $4,700.00. Since again they were an undersecured creditor at this time and since the Supreme Court decision in *Timbers* was operative, they were not entitled to interest at that point in the case since there still was no order for any payment.

Since there was no objection to the reduced valuation and no actual evaluation hearing held by the Court, the Order confirming debtors' plan of reorganization under Chapter 12 established the value of the creditor's secured claim and for the first time as of the date of confirmation, the creditor had a secured claim upon which interest was due and payable. The effective date, of course, was the date of confirmation and interest was payable at 10% per annum from that date just as the plan provided.

This conclusion is reinforced by a careful reading of 11 U.S.C. § 1225(a)(5)(B)(i) and (ii). That statute provides as follows:

"... the court shall confirm a plan if—with respect to each allowed secured claim provided for by the plan—the plan provides that the holder of such claim retain the lien securing such claim; and the value, *as of the effective date of the plan,* of property to be distributed by the trustee or the debtor under the plan on account of such claim is not less than the allowed amount of such claim;"

Accordingly, the objection of Tri County Trust Company to the Chapter 12 final report of the Chapter 12 Trustee is OVERRULED. The balance due on the secured claim of Tri County Trust Company is the amount computed by applying the 10% interest rate beginning April 22, 1992.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.